UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-cv-61733-BLOOM/VALLE

SYMBOLOGY INNOVATIONS, LLC,

      Plaintiff,

  v.

FLORIDA POWER & LIGHT COMPANY,

      Defendant.

_____/

**DEFENDANT FLORIDA POWER & LIGHT COMPANY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Florida Power & Light Company ("FPL") files this Answer and Counterclaims to Plaintiff Symbology Innovations, LLC's ("Plaintiff") Amended Complaint (the "Complaint"). FPL denies the allegations and characterizations in the Complaint unless expressly admitted in the following paragraphs.

**PARTIES, JURISDICTION AND VENUE**

1. FPL admits that the Complaint purports to set forth an action for patent infringement and Plaintiff purports to seek injunctive relief as well as damages, but denies that Plaintiff is entitled to any relief from FPL.

2. FPL admits that the Complaint purports to set for an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1, et seq., and that this Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

3. FPL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4. FPL admits the allegations of Paragraph 4 of the Complaint.

5. FPL admits the allegations of Paragraph 5 of the Complaint.

6. FPL denies the allegations of Paragraph 6 of the Complaint except that it has engaged in continuous and systematic activities in the state of Florida.

7. FPL denies the allegations of Paragraph 7 of the Complaint.

8. FPL admits that venue is proper, but FPL denies it has committed acts of infringement in this district or elsewhere.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,424,752)

9. FPL incorporates by reference its answers above.

10. FPL admits that the Complaint purports to set forth a claim under the patent laws of the United States. FPL specifically denies infringement.

11. FPL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, on that basis, denies all such allegations.

12. FPL admits that a purported copy of U.S. Patent No. 8,424,752 (the "'752 Patent") is attached to the Complaint as Exhibit A and that the face of that patent indicates that it is entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device."

13. FPL denies the allegations of Paragraph 13 of the Complaint.

14. FPL denies the allegations of Paragraph 14 of the Complaint.

15. FPL denies the allegations of Paragraph 15 of the Complaint.

16.     FPL admits that a digital image of a QR code appeared on a web page corresponding to the URL http://www.nexteraenergy.com/pdf/profile.pdf at one time.  FPL further admits that it internally tested the functionality of the QR code.  FPL denies that is has committed acts of infringement in this district or elsewhere, denies that the QR code forms part of an advertisement, and denies any remaining allegations in Paragraph 16 of the Complaint.

17.     FPL incorporates its admissions, averments, and denials in Paragraph 16 above as if set forth fully herein.  FPL is without knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Complaint and, on that basis, denies all such allegations.

18.     FPL incorporates its admissions, averments, and denials in Paragraph 16 above as if set forth fully herein.  FPL is without knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Complaint and, on that basis, denies all such allegations.

19.     FPL incorporates its admissions, averments, and denials in Paragraph 16 above as if set forth fully herein.  FPL is without knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint and, on that basis, denies all such allegations.

20.     FPL denies the allegations of Paragraph 20 of the Complaint.

21.     FPL denies the allegations of Paragraph 21 of the Complaint.

22.     FPL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, on that basis, denies all such allegations.

## COUNT II
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,651,369)

23.     FPL incorporates by reference its answers above.

24. FPL admits that the Complaint purports to set forth a claim under the patent laws of the United States. FPL specifically denies infringement.

25. FPL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, on that basis, denies all such allegations.

26. FPL admits that a purported copy of U.S. Patent No. 8,651,369 (the "'369 Patent") is attached to the Complaint as Exhibit B and that the face of that patent indicates that it is entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device."

27. FPL denies the allegations in Paragraph 27 of the Complaint.

28. FPL denies the allegations in Paragraph 28 of the Complaint.

29. FPL denies the allegations in Paragraph 29 of the Complaint.

30. FPL admits that a digital image of a QR code appeared on a web page corresponding to the URL http://www.nexteraenergy.com/pdf/profile.pdf at one time. FPL further admits that it internally tested the functionality of the QR code. FPL denies that is has committed acts of infringement in this district or elsewhere, denies that the QR code forms part of an advertisement, and denies any remaining allegations in Paragraph 30 of the Complaint.

31. FPL incorporates its admissions, averments, and denials in Paragraph 16 above as if set forth fully herein. FPL is without knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of the Complaint and, on that basis, denies all such allegations.

32. FPL incorporates its admissions, averments, and denials in Paragraph 16 above as if set forth fully herein. FPL is without knowledge sufficient to form a belief as to the truth of

the remaining allegations in Paragraph 32 of the Complaint and, on that basis, denies all such allegations.

33. FPL incorporates its admissions, averments, and denials in Paragraph 16 above as if set forth fully herein. FPL is without knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of the Complaint and, on that basis, denies all such allegations.

34. FPL denies the allegations in Paragraph 34 of the Complaint.

35. FPL denies the allegations in Paragraph 35 of the Complaint.

36. FPL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and, on that basis, denies all such allegations.

## COUNT III
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,936,190)

37. FPL incorporates by reference its answers above.

38. FPL admits that the Complaint purports to set forth a claim under the patent laws of the United States. FPL specifically denies infringement.

39. FPL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and, on that basis, denies all such allegations.

40. FPL admits that a purported copy of U.S. Patent No. 8,936,190 (the "'190 Patent") is attached to the Complaint as Exhibit C and that the face of that patent indicates that it is entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device."

41. FPL denies the allegations in Paragraph 41 of the Complaint.

42. FPL denies the allegations in Paragraph 42 of the Complaint.

43. FPL denies the allegations in Paragraph 43 of the Complaint.

44.     FPL admits that a digital image of a QR code appeared on a web page corresponding to the URL http://www.nexteraenergy.com/pdf/profile.pdf at one time. FPL further admits that it internally tested the functionality of the QR code. FPL denies that is has committed acts of infringement in this district or elsewhere, denies that the QR code forms part of an advertisement, and denies any remaining allegations in Paragraph 44 of the Complaint.

45.     FPL incorporates its admissions, averments, and denials in Paragraph 16 above as if set forth fully herein. FPL is without knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 of the Complaint and, on that basis, denies all such allegations.

46.     FPL incorporates its admissions, averments, and denials in Paragraph 16 above as if set forth fully herein. FPL is without knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 of the Complaint and, on that basis, denies all such allegations.

47.     FPL incorporates its admissions, averments, and denials in Paragraph 16 above as if set forth fully herein. FPL is without knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 of the Complaint and, on that basis, denies all such allegations.

48.     FPL denies the allegations in Paragraph 48 of the Complaint.

49.     FPL denies the allegations in Paragraph 49 of the Complaint.

50.     FPL is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint and, on that basis, denies all such allegations.

## PRAYER FOR RELIEF

FPL denies that Plaintiff is entitled to any relief from FPL and denies all the allegations contained in Paragraphs (a)-(e) of the Plaintiff's Prayer for Relief.

Case No. 16-cv-61733-BLOOM/Valle

## DEMAND FOR JURY TRIAL

To the extent that Plaintiff's Demand for Jury Trial contains any allegations that require a response, FPL denies those allegations.

## AFFIRMATIVE DEFENSES

FPL's Affirmative Defenses are listed below. FPL reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

FPL has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '752, '369, and '190 Patents (collectively, the "Asserted Patents").

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to any of the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that FPL's actions allegedly infringe the Asserted Patents, FPL is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Asserted Patents.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff asserts that FPL indirectly infringes, either by contributory infringement or inducement of infringement, FPL is not liable to Plaintiff for the acts alleged to have been performed before FPL knew that its actions would cause indirect infringement.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's attempted enforcement of the Asserted Patents against FPL is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

The claims of the Asserted Patents are not entitled to a scope sufficient to encompass any system employed or process practiced by FPL.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

**FPL'S COUNTERCLAIMS**

For its Counterclaims against Plaintiff Symbology Innovations, LLC ("Symbology"), Counterclaim Plaintiff Florida Power & Light Company ("FPL"), alleges as follows:

**PARTIES**

1. Counterclaim Plaintiff FPL is a Florida corporation with offices located at 700 Universe Blvd., Juno Beach, FL 33408.

2. Upon information and belief based solely on Paragraph 3 of the Complaint as pled by Plaintiff, Counterclaim Defendant Symbology Innovations, LLC, is a Texas limited liability company organized and maintains its principle place of business at 1400 Preston Road, Suite 400, Plano, Texas 75093.

## JURISDICTION

3. FPL incorporates by reference paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Symbology has consented to the personal jurisdiction of this court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on Symbology's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT

7. FPL incorporates by reference paragraphs 1–6 above.

8. Based on Symbology's filing of this action and at least FPL's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether FPL infringes the '752, '369, and '190 Patents.

9. Pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 et seq., FPL requests a declaration by the Court that FPL has not infringed and does not infringe any claim of the '752, '369, and '190 Patents.

## COUNT II
## DECLARATION REGARDING INVALIDITY

10. FPL incorporates by reference paragraphs 1–9 above.

11. Based on Symbology's filing of this action and at least FPL's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '752, '369, and '190 Patents.

12. Pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 et seq., FPL requests a declaration by the Court that at least claim1 of the '752, '369, and '190 Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, FPL asks this Court to enter judgment in FPL's favor and against Symbology by granting the following relief:

a) a declaration that the '752, '369, and '190 Patents are invalid;

b) a declaration that FPL does not infringe any valid claim of the '752, '369, and '190 Patents that may be enforceable;

c) a declaration that Symbology take nothing by its Complaint;

d) judgment against Symbology and in favor of FPL;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to FPL of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## JURY DEMAND

FPL hereby demands trial by jury on all issues.

Case No. 16-cv-61733-BLOOM/Valle

Dated: October 20, 2016

Steven M. Auvil (admitted *pro hac vice*)
OH Bar No. 0063827
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower, 127 Public Square
Cleveland, OH 44114
Telephone: (216) 479-8023
Facsimile (216) 479-8780
Email: steven.auvil@squirepb.com

Respectfully submitted,

*/s/ Andrew R. Kruppa*
Andrew R. Kruppa
FL Bar No. 63958
SQUIRE PATTON BOGGS (US) LLP
200 South Biscayne Blvd., Suite 4700
Miami, FL 33131
Telephone: (305) 577-7000
Facsimile: (305) 577-7001
Email: andrew.kruppa@squirepb.com

*Attorneys for Defendant/Counterclaim Plaintiff Florida Power & Light Company*

Case No. 16-cv-61733-BLOOM/Valle

## **CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on October 20, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

                */s/ Andrew R. Kruppa*
                Andrew R. Kruppa